## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

KENNETH A. BROWN,

                Petitioner,            :    Case No. 3:13-cv-406

    - vs -                          District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

WARDEN DELBERT G. SAUERS,
  et al.,

                                :

               Respondents.

## REPORT AND RECOMMENDATIONS

      This habeas corpus case was brought pursuant to 28 U.S.C. § 2241. Petitioner sought relief from a detainer lodged against him with his present federal custodian by Montgomery County Prosecutor Matt Heck. On Motion of Respondent Heck, this Court stayed the habeas corpus proceedings to allow Respondent to have Petitioner processed electronically by the Ohio Department of Rehabilitation and Corrections so that he could be properly credited against his state sentence with the time he has served in federal custody. Brown is entitled to that credit because he was sentenced to concurrent time in the Common Pleas Court.

      The case is now before the Court on Respondent's Motion for Summary Judgment (Doc. No. 12). Respondent avers that he "has directed the officials at Allenwood Low Security Correctional Institution, White Deer,Pennsylvania, to remove the detainer that would have required Petitioner's return to Ohio upon his release from federal custody." *Id.* at PageID 127. The truth of that averment is established by the documents attached to the Motion. *Id.* at PageID 131-33. Actual release of the detainer is confirmed by the Detainer Action Letter from

1

Allenwood to Mr. Heck.  *Id.*  at PageID 134.  Respondent concludes "[b]ecause Respondent Heck has provided Petitioner with the relief he requested, his claims against Respondent are moot, there is no genuine dispute as to any material fact, and respondent is entitled to judgment as a matter of law."  *Id.*  at PageID 127.

Brown denies that Heck is entitled to summary judgment, claiming that he has a due process right to health care and substance abuse treatment and refuses to concede that "since the detainer has been removed Petitioner has not suffered from loss and prejudice."  (Doc. No. 14, PageID 137).

Whether or not this is true is immaterial to Heck's Motion for Summary Judgment.  The habeas corpus jurisdiction of this Court is dependent on Brown's being in custody.  While the Petition is not technically moot because it was filed while the detainer was in place, it is effectively moot because the detainer has been lifted and this Court is unable to provide any further relief from the custody.  Conversely, if the Court were to determine that the detainer was unlawfully placed originally, it could still provide no relief in habeas corpus because the writ is addressed only to custody, and not to any damages a petitioner may have suffered from being in custody.  In a case where a petition is filed before a petitioner is released, the petition does not become moot because it is challenging the underlying judgment.  Here Mr. Brown challenges custody only, and not the underlying conviction.

Accordingly, it is respectfully recommended that the Petition herein be dismissed as moot.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be

denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

March 6, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).